Filed 10/6/22  Santa Cruz County Dept. of Child Support Services v. Mendez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SANTA CRUZ COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BOLIVAR Y. MENDEZ,<br><br>Defendant and Respondent. | H049394<br>(Santa Cruz County<br> Super. Ct. No. FL039316) |

**MEMORANDUM OPINION[1]**

Appellant Santa Cruz County Department of Child Support Services (Department) appeals an order setting the child support obligation of respondent Bolivar Mendez (Mendez).  The Department contends that the trial court erred in setting support below the amount required by child support guidelines.  Mendez has not appeared in the appeal and has not filed a respondent's brief.[2]  We conclude that the court abused its discretion when it deviated from the guideline support amount without providing the required reasoning.  Therefore, we reverse and remand.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

[2] Because Mendez failed to file a brief after receiving notice of default, resolution of this appeal is based solely on the record, the opening brief, and oral argument by the Department.  (Cal. Rules of Court, rule 8.220(a).)

Mendez is the father of two children for whom he currently pays child support. In 2015, Mendez and the children's mother entered into a stipulated judgment regarding parental obligations which set his monthly child support obligation at $527. In 2021, the Department filed a request to modify Mendez's child support obligation, asserting that the prior child support order was last modified three years earlier and that Mendez's current income had increased. At a hearing, the court found that, according to the child support calculator, Mendez's monthly child support obligation would be $917 but concluded that this amount would be unaffordable. Although the Department argued that Mendez previously demonstrated an ability to pay $527 monthly, and that his income had increased since the time that amount was ordered, the court reduced Mendez's child support obligation to $300 per month with an additional $200 monthly payment to reduce child support arrears. The Department timely appealed.

On appeal, the Department asserts that the court erred in reducing child support from $917 to $300 monthly, because the order is not supported by substantial evidence, and because the court failed to make sufficient findings that the reduction was in the children's best interest.

We review child support awards for abuse of discretion. (*Y.R. v. A.F.* (2017) 9 Cal.App.5th 974, 982 (*Y.R.*).) In conducting this review, we "determine whether the trial court's factual findings are supported by substantial evidence and whether the trial court reasonably exercised its discretion—that is, whether any judge reasonably could have made such an order." (*In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1039.) The only discretion provided to a trial court with respect to child support awards is that set forth by statute or rule. (*Stanislaus County v. Gibbs* (1997) 59 Cal.App.4th 1417, 1425.)

California has adopted a "statewide uniform guideline for determining child support orders." (Fam. Code, § 4055, subd. (a).)[3] The court may depart from the guideline only in special circumstances, and when doing so must state, in writing or on the record, (1) the amount of support that would have been ordered under the guideline, (2) the reasons the amount of support ordered differs from the guideline, and (3) the reasons the amount of support ordered is in the best interests of the child. (§§ 4052, 4056, subd. (a).) "The statutory findings are mandatory. The failure to make them precludes effective appellate review and may constitute reversible error if the missing information is not otherwise discernible from the record." (*In re Marriage of Hubner* (2001) 94 Cal.App.4th 175, 183 (*Hubner*).)

Here, the trial court stated on the record and in its order that the monthly guideline amount was $917, but it ordered $300 in child support with an additional $200 to pay off child support arrears.[4] In setting this number the court stated that, after paying the guideline amount, Mendez would be left with $1,354 for his monthly basic living expenses. The court described Mendez's monthly expenses of $2,527, including $600 monthly for rent, as "modest," and stated that having only $1,354 to pay these expenses was "clearly not affordable." Although the court excluded a monthly $100 charitable contribution from Mendez's estimated expenses, it did not otherwise question his living expenses. Instead, based on the foregoing the court deviated downward with the stated purpose of permitting Mendez to meet his living expenses while also providing child support to mother and funds to the Department for support arrears.

---

[3] All further statutory references are to the Family Code.

[4] The court initially stated the guideline amount as $903, however the order issued after hearing stated the guideline amount as $917. During the hearing the court initially proposed deviating child support downward to $200 monthly but increased this amount to $300 with the additional arrears payment in light of Mendez's ability to pay the then-current child support amount.

3

The Department argues that the only evidence presented regarding Mendez's ability to pay child support was his income and expense declaration and his testimony that he had been paying $527 per month. The Department contends this was insufficient to support a lower than guideline amount, because his monthly expenses were merely "estimated," rather than supported by evidence. They note, for example, that Mendez's income and expense declaration did not include his child support payment. However, the evidence before the trial court included Mendez's paystubs, which supported his stated income and also reflected a child support deduction. Additionally, while the Department argues that Mendez had paid all but one month of his child support in 2021, the Department also reported that Mendez owed over $25,000 in child support arrears, which if true, might suggest that the current amount has not always been affordable.

Notwithstanding the trial court's observations regarding affordability, we note that Mendez's monthly income increased by approximately $1,000, from $1,464 to $2,405, between 2015 and the present. Despite this more than 50% increase in income, the court *reduced* Mendez's monthly child support obligation by more than 40% from the amount he had been paying and set an amount more than 60% below guideline. The record does not include the income and expense declaration from 2015, so we are unable to determine whether Mendez's living expenses likewise increased during that time. Nothing in the court's stated findings or the record before us explains why the court reduced child support to an amount below what Mendez was already paying, notwithstanding his purported ability to afford the current amount. Even if substantial evidence supports the court's factual findings regarding affordability, these findings do not support the order setting child support below the amount Mendez was already paying. The court failed to articulate its reasoning for this change.

Moreover, even when the trial court articulates the guideline amount and determines that a downward deviation is warranted, it must still state the reasons the support ordered is in the best interests of the children. (*Y.R.*, *supra*, 9 Cal.App.5th at

p. 984.)  Here, the court stated that the order was in the children's best interest but did not elaborate further.  The Department argues that deviating from the support guideline without expressly stating the reasons why the amount ordered is consistent with the best interests of the children was an abuse of discretion.  (§ 4056, subd. (a).)  Because the court did not articulate its reasoning and because we are unable to discern its reasoning from the record, we are unable to conclude that the downward deviation in child support from $917 to $300 monthly was in the children's best interest and that the court appropriately exercised its discretion.  (*Hubner*, *supra*, 94 Cal.App.4th at p. 183.)  As such, we will reverse and remand for compliance with section 4056.  (*Y.R.*, at p. 985.)

## DISPOSITION

The trial court's order modifying the child support award is reversed.  The matter is remanded to the trial court with directions to conduct further proceedings, as necessary, to make the requisite findings in compliance with section 4056.

_____
                 Greenwood, P. J.

WE CONCUR:

_____
    Grover, J.

_____
    Wilson, J.

Santa Cruz County DCSS v. Mendez
No. H049394